UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NAVAJO NATION,<br>a federally recognized Indian tribe,<br>Navajo Nation Department of Justice<br>P.O. Box 2010<br>Window Rock, Arizona 86515<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>    and<br><br>SALLY JEWELL, in her official capacity as Secretary,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>    Defendants. | Civil Action No._____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MONEY DAMAGES

1.    This is an action for declaratory and injunctive relief and money damages brought against the Department and the Secretary for Defendants' violations of the Indian Self-Determination and Education Assistance Act, P.L. 93-638, as amended and codified at 25 U.S.C. § 450 *et seq.* ("ISDEAA"), and regulations promulgated thereunder, and for Defendants' breach of a contract made under the ISDEAA with the Navajo Nation ("Nation"). The Nation submitted its annual funding agreement ("AFA") proposal for operations of the Navajo Nation Judicial

1

Branch for the 2014 calendar year ("CY 2014") to the Bureau of Indian Affairs ("BIA"), an agency of the United States Department of the Interior ("Department"), and the BIA failed to take the statutorily required action to approve or lawfully decline that proposal before the expiration of the 90-day period set forth in the ISDEAA and regulations promulgated thereunder. Therefore, as a matter of law, the CY 2014 AFA must be deemed approved as proposed by the Nation. Pursuant to the Contract Disputes Act, 41 U.S.C. § 7101 *et seq.* ("CDA"), and sections 110(a) and (d) of the ISDEAA, 25 U.S.C. § 450m-1(a) and (d), the Nation submitted to the BIA a claim seeking relief from the Defendants' breaches of this deemed-approved contract (No. A12AV00698: the "Contract") and CY 2014 AFA. The Contract and the CY 2014 AFA are collectively referred to herein as the "CY 2014 Agreement." The BIA improperly disclaimed the authority to decide the Nation's CDA claim and thereby denied it. The Nation brings this action seeking declaratory and injunctive relief for Defendants' violations of the ISDEAA and $15,762,985 in damages for their breach of the CY 2014 Agreement, plus statutory interest from January 3, 2014.

**PARTIES**

2. The Nation is a federally recognized Indian Tribe whose reservation is approximately the size of West Virginia and is located in the States of Arizona, New Mexico and Utah. The seat of the Nation's government is located in Window Rock, Arizona.

3. The Department is an executive department within the United States government whose constituent agencies include the BIA. The Department's headquarters is located in Washington, D.C.

4. The Secretary has overall responsibility for administering the Department and

overseeing its constituent agencies and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

## JURISDICTION AND VENUE

5.  This is a civil action or claim against the Department and the Secretary arising under the ISDEAA, 25 U.S.C. § 450m-1(a), and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.  Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

## FACTS

### The 2014 Contract and AFA

7.  The Contract was issued by the Department to the Nation and signed by the Nation and the Department (the "Parties") in 2012 for a five-year term from January 1, 2012 through December 31, 2016. Ex. A - Contract.

8.  For CY 2014, the Contract incorporates the CY 2014 AFA ("2014 Proposal") for the period January 1, 2014 through December 31, 2014. Ex. B – 2014 Proposal.

9.  The 2014 Proposal was duly signed by the Chief Justice of the Nation in his capacity as administrator of the Nation's Judicial Branch on September 16, 2013.

10. The 2014 Proposal consisted of a cover letter, the CY 2014 AFA, and its attachments.

11. In the 2014 Proposal, the Nation proposed to administer and perform those portions of the BIA's Judicial – Tribal Courts program identified in the Scope of Work, attached to the CY 2014 AFA as Attachment A. *See* Ex. B, § A.1.

12. In the 2014 Proposal, the Nation proposed that the Nation shall obtain from the

BIA all such funds and other resources made available for the benefit of the tribal and Indian beneficiaries for all programs to be operated and services to be delivered by the CY 2014 Agreement on behalf of the Department, except for "Trust" and executive functions of the BIA considered non-contractible under the ISDEAA.  *See* Ex. B, § A.3.

13. The scope of work under the CY 2014 Agreement included the following tasks and objectives, as set forth in Attachment A to the AFA, that were previously included in the AFAs of 2012 and 2013:

> For CY 2014, the specific tasks and objectives of the Judicial Branch remain as in the immediately preceding years:
>
> a. Ensure the continued provision of efficient, fair and respectful services within the parameters of Title 7 and Title 9 of the Navajo Nation Code;
> b. Ensure that the judicial system is in accordance with Diné bi beenahaz'áanii [Navajo Fundamental Law] that fully incorporates Navajo values and processes;
> c. Actively participate in the development of integrated justice information sharing among Navajo Nation judicial and justice stakeholders;
> d. Process and assist with peacemaking cases;
> e. Provide rehabilitative and/or restorative justice services in probation and parole cases;
> f. Provide case management services to youth that have entered the justice system;
> g. Educate and inform the public of judicial court and program services via various measures including the employment of a Judicial Liaison Officer;
> h. Create or maintain partnerships with local service providers and other governmental entities;
> i. Train personnel to provide effective and continual court services to the public;
> j. Ensure safe and adequate court and program facilities;
> k. Ensure the public's access to the judicial system;
> l. Train and employ bilingual court reporters/transcribers;
> m. Fund updates to the Navajo Law Reporter;
> n. Continue to train and employ court clerks; and
> o. Maintain court and program facilities.

Ex.B -- Att. A, § B.

14. The 2014 Tribal Court Program Budget Summary for the CY 2014 Agreement included the following amounts that were proposed by the Nation as required to fund the tasks and objectives set forth in Attachment B to the AFA:

| **Explain or give example on purpose of the budget** | **Budget amount** |
|---|---|
| To use federal funding to pay personnel for Judicial Branch employees | $ 9,107,736.00 |
| To provide fringe benefits for Judicial Branch employees | $ 4,215,622.00 |
| To provide for fleet, mileage, meals, lodging, air fare related to program activities | $ 754,241.00 |
| To pay for peacemaking sessions and expenses related | $ 17,000.00 |
| To provide ofc supplies, gen operating supplies, postage, custodial, printing, photocopying | $ 405,613.00 |
| To provide funds for building lease rental; office equipment rental | $ 379,393.00 |
| To provide basic telephone service and internet connectivity | $ 468,501.00 |
| To provide for repairs & maintenance of equipment, buildings & IT related services | $ 1,364.662.00 |
| To provide for contractual services related to building issues | $ 170,879.00 |
| To cover the general liability insurance for Judicial Branch employees | $  171,870.00 |
| **Total Budget** | $17,055,517.00 |

Ex. **B**, Att. B.

**Submission and Receipt of the CY 2014 Agreement**

15. The 2014 Proposal was hand-delivered on October 4, 2013 by the Nation's Principal Contract Analyst, Ronald Duncan, who logged in with a uniformed officer of the BIA at the BIA's Navajo Regional Office and immediately thereafter handed the Nation's 2014 Proposal to Raymond Slim, a BIA ISDEAA Specialist in the BIA's Self-Determination Office, Navajo Regional Office. Ex. C – Duncan Affidavit.  The BIA does not dispute that Mr. Slim received the proposal on October 4, 2013.

16.     A BIA letter to the Nation dated October 21, 2013 acknowledged the BIA's receipt of the CY 2014 proposal that the Nation had hand-delivered to BIA on October 4, 2013, and additionally stated that "the government was on shutdown from October 1, 2013, through October 16, 2013, which included mail delivery to our office." Ex. D.

### Failure of the Secretary to Act Within the Statutory 90-Day Period

17.     Under the ISDEAA, the Secretary has 90 days after receipt of a contract proposal within which to decline or award it. 25 U.S.C. § 450f(a)(2); 25 C.F.R. § 900.16-.18.

18.     The Nation did not agree to any extension of the 90-day period.

19.     Given the date of actual receipt of the proposal by an ISDEAA specialist in the BIA office, the Secretary's deadline to decline or award the Nation's proposed 2014 Agreement expired January 2, 2014.

20.     The Secretary did not decline the Nation's proposed 2014 Agreement by the statutory deadline of January 2, 2014.

21.     Accordingly, the Nation's CY 2014 Proposal, as proposed by the Nation on October 4, 2014, "is deemed approved and the Secretary shall award the contract . . . and add to the contract the full amount of funds pursuant to section 106(a) of the [ISDEAA]." 25 C.F.R. § 900.18; 25 U.S.C. § 450f(a)(2); *Seneca Nation v. Department of Health and Human Services*, 945 F.Supp. 2d 135, 144-45 (D.D.C. 2013), *app. dism'd*, no. 13-5219, 2013 WL 6818212 (D.C. Cir. Dec. 12, 2013).

22.     On January 9, 2014 the BIA untimely requested a 45-day extension, which the Nation did not grant. Ex. E.

23.     On January 15, 2014, the BIA issued an untimely letter to the Nation purporting

to partially decline the Nation's 2014 Proposal. Ex. F.

24. On January 27, 2014, the Nation issued a letter to the BIA noting that, under operation of law as of January 3, 2014, the Nation's 2014 Proposal was deemed approved as proposed on October 4, 2013. Ex. G.

25. On February 4, 2014, the BIA issued an untimely letter to the Nation purporting to supplement the reasons for its purported partial declination. Ex. H.

### The Secretary's *Post Hoc* and Unlawful Rationale

26. On February 7, 2014, the BIA issued a letter to the Nation contending that the partial shutdown of the federal government from October 1-17, 2013, during which excepted and exempt federal employees continued to work, extended the statutory deadline. Ex. I.

27. BIA's February 7, 2014 position directly conflicts with the Department's own regulations, which emphasize that the statutory deadline may be extended *only* with the written consent of the affected tribe. 25 C.F.R. § 900.21 ("As explained in §§ 900.16 and 900.17, a proposal can only be declined within 90 days after the Secretary receives the proposal, unless that period is extended with the voluntary and express written consent of the Indian tribe . . .").

28. The BIA letter of February 7, 2014 also contended that the 90-day statutory period set forth in 25 U.S.C. § 450f(a)(2) was triggered only when a tribal proposal is received by a federal employee who is "authorized to work on the … proposal for the Tribal Courts (Judicial) Services." Ex. I.

29. There is no statutory authority for the BIA's contention that receipt of the Nation's 2014 Proposal by Mr. Slim did not constitute receipt within the meaning of 25 U.S.C. §450f(a)(2).

### The BIA's Attempt to Unilaterally Modify and Alter the CY 2014 Agreement

30. On February 28, 2014, the BIA issued a letter to the Nation purporting to make an unlawful, unilateral modification of the CY 2014 Agreement by substituting a *2012* Scope of Work for the one actually submitted and proposed by the Nation and by removing the Nation's 2014 Budget Summary proposal from the deemed approved AFA. Ex. J.

31. The Secretary's unlawful, unilateral modification of the CY 2014 Agreement and her unlawful, unilateral deletion of the Budget Summary proposal from the AFA well after the declination deadline were both untimely and without legal effect due to the absence of agreement by the Nation.

### The Nation's CDA Claim and its Improper Rejection by the BIA

32. The Nation submitted its CDA claim by letter dated March 24, 2014, supplemented by its letter of April 17, 2014 to include the correct version of the 2014 AFA document. Ex. K.

33. The Department responded by letter dated May 13, 2014, denying the Nation's CDA claim. Ex. L. The Nation received the Department's decision letter on May 20, 2014. This Complaint is timely filed. *See* 41 U.S.C. § 7104(b)(1), (3); 25 U.S.C. §§ 450f(b)(3), 450m-1; 25 C.F.R. § 900.222(e). Review is *de novo*. *E.g.*, 41 U.S.C. § 7104(b)(4); 25 U.S.C. § 450m-1.

### The Nation's Entitlement to Relief

34. In violation of the ISDEAA and its implementing regulations, the Defendants have unlawfully failed or refused to execute and award the CY 2014 AFA as proposed by the Nation and have unlawfully failed or refused to implement the CY 2014 AFA and pay $15,762,985 as of January 3, 2014, plus interest, representing the difference between the

$17,055,517 obligated to be paid as a matter of law and the $1,292,532 that the Department paid.

35. Defendants' failure to execute the CY 2014 AFA as proposed by the Nation and to timely pay the Nation "the full amount of funds pursuant to section 106(a) of the Act," 25 C.F.R. § 900.18, constitute material breaches of the Department's contractual obligations under the CY 2014 Agreement.

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

36. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-35, above, as if fully set forth herein.

37. The Nation's proposed CY 2014 AFA was, as a matter of law, deemed approved upon the expiration of Defendants' 90-day review period, without lawful declination, on January 3, 2014.

38. The Nation is entitled to a judgment declaring that the CY 2014 AFA is deemed approved as of January 3, 2014.

## SECOND CLAIM FOR RELIEF—INJUNCTION

39. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-38, above, as if fully set forth herein.

40. Under 25 U.S.C. § 450m-1(a), this Court may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to the ISDEAA, or mandamus to compel a federal officer or employee to perform a duty imposed by the ISDEAA, "including immediate injunctive relief to reverse a declination finding under [25 U.S.C. §] 450f(a)(2) . . . or to compel the Secretary to award and fund an approved self-determination contract."

41. The Nation is entitled to a judgment compelling the Secretary to sign, award, and fund the CY 2014 AFA.

### THIRD CLAIM FOR RELIEF—BREACH OF CONTRACT

42. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-41, above, as if fully set forth herein.

43. Defendants were obligated as of January 3, 2014 to award the CY 2014 AFA as proposed by the Nation on October 4, 2013, and to add to the CY 2014 Agreement the full amount of funds proposed in the CY 2014 AFA by the Nation on October 4, 2013. Defendants failed to do so and thereby breached the CY 2014 Agreement.

44. Because Defendants breached the CY 2014 Agreement, the Nation is entitled to an award of damages in the amount of $15,762,985, plus interest on this amount from January 3, 2014 pursuant to 41 U.S.C. § 7109, plus reasonable fees and expenses, including attorneys' fees pursuant to 25 U.S.C. § 450m-1(a).

### PRAYER FOR RELIEF

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

A. Declaring that the CY 2014 AFA is deemed approved as of January 3, 2014;

B. Compelling the Secretary to sign, award and fund the CY 2014 AFA as deemed approved on January 3, 2014;

C. Awarding damages on the CY 2014 AFA to the Nation in the amount of $15,762,985, plus interest from January 3, 2014, expenses, and fees, including reasonable attorneys' fees; and

    D.    Granting the Nation such other relief as the Court deems just and proper.

Dated this 12th day of November, 2014.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

        By:  /s/ Philip Baker-Shenk
        Philip Baker-Shenk (D.C. Bar No. 386662)
        800 17th Street, N.W.
        Suite 1100
        Washington, D.C. 20006
        Tel: (202) 955-3000
        Fax: (202) 955-5564

        FRYE LAW FIRM, P.C.

        By: /s/ Paul E. Frye
        Paul E. Frye
        10400 Academy Rd. NE, Suite 310
        Albuquerque, NM 87111
        Tel: (505) 296-9400
        Fax: (505) 296-9401

        Attorneys for Plaintiff the Navajo Nation